IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | |
|---|---|
| HENRY VERGIN, § | |
| § | |
| § | CIVIL ACTION NO. 5:17-CV-00013-RWS |
| Petitioner, § | |
| § | |
| v. § | |
| § | |
| DEREK EDGE, WARDEN; § | |
| § | |
| § | |
| Respondent. § | |

### ORDER ADOPTING REPORT AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Henry Vergin, an inmate confined within the Bureau of Prisons, proceeding *pro se*, filed the above-styled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Docket No. 1. Petitioner challenges a prison disciplinary conviction for possession of a portable electronic device and attempting to escape as being based on insufficient evidence. The Court referred this matter to the Honorable Caroline M. Craven, United States Magistrate Judge, for consideration pursuant to 28 U.S.C. § 636(b)(1) and (3).

The Magistrate Judge has submitted a Report and Recommendation of United States Magistrate Judge ("Report") recommending that the petition for writ of habeas corpus be denied. Docket No. 11 at 6. After observing that the level of review applicable to claims of insufficient evidence to support a disciplinary conviction was highly deferential, the Magistrate Judge explained why there was sufficient evidence to support the disciplinary conviction. *Id.* at 5–6. Petitioner filed objections to the Report, asserting six substantive objections. Docket No. 13. The

Court reviews the objected-to portions of the Report *de novo*, and addresses each substantive point of objection in turn. Fed. R. Civ. P. 72(b)(2).

**First Objection**

Petitioner objects that evidence was not provided to him in a timely manner in compliance with *Piggie v. Cotton*, 344 F.3d 674 (7th Cir. 2003), but does not identify the evidence that was not provided to him. Docket No. 13 ¶ 3. In *Piggie*, the petitioner was convicted of prison disciplinary offenses including battery. At his disciplinary hearing, the petitioner asked the Conduct Adjustment Board ("CAB") to view videotapes of relevant incidents. The CAB's written report indicated it reviewed the videotapes, but did not state what the videotapes revealed. The Seventh Circuit stated that the holding in *Brady v. Maryland*, 373 U.S. 83 (1963), requiring the disclosure of material exculpatory evidence, applies to prison disciplinary proceedings. As a result, the petitioner was at least arguably entitled to view the videotapes.

The Fifth Circuit has not determined whether *Brady* applies to prison disciplinary proceedings. *See Boatswain v. Martinez*, 544 F. App'x 409, 410 (5th Cir. 2013). However, even if *Brady* applies to prison disciplinary proceedings, Petitioner has not shown that a Brady violation occurred. To establish a *Brady* violation, a petitioner must demonstrate the prosecution failed to turn over favorable evidence that was material to guilt or punishment. 373 U.S. at 87. In this case, Petitioner has not identified any favorable material evidence possessed by prison staff members that was not turned over to him. Petitioner's objection on this point is overruled.

**Second Objection**

Petitioner next objects to what he describes as the Magistrate Judge's blanket assertion that staff use of a compromised social platform was sufficient for an attempted escape charge or a charge of possessing an electronic device. Docket No. 13 ¶ 4. The Magistrate Judge carefully

explained in her Report why there was sufficient evidence, under the appropriate legal standard, to support Petitioner's disciplinary convictions. Docket No. 11 at 5–6. While Petitioner asserted at his disciplinary hearing that someone else was using his Facebook account without permission or contrary to his wishes, the Discipline Hearing Office ("DHO") did not find Petitioner's assertion credible and that finding may not be reexamined in this proceeding. *Superintendent, Massachusetts Correctional Institution v. Hill*, 472 U.S. 445, 455 (1993) (federal courts reviewing a prison disciplinary conviction do not independently assess the credibility of witnesses or weigh the evidence in order to determine whether there is sufficient evidence to support a DHO's decision). Petitioner's objection is overruled on this point.

**Third Objection**

Petitioner next objects that, like in *Howard v. U.S. Bureau of Prisons*, 487 F.3d 808 (7th Cir. 2007), the simple production by staff of the Facebook IP address, or mobile access logs, would have exonerated him easily and shown that it was not him or anyone in the area who accessed the page. Docket No. 13 ¶ 5. In *Howard*, the petitioner asked the DHO to review videotape evidence he stated would have exonerated him. The DHO refused to do so. The Seventh Circuit found this to be error. In this case, however, Petitioner does not contend that he asked the DHO to review the relevant Facebook address IP or any mobile access logs, and was refused. Nor is there any evidence in the record that such evidence existed or was in the possession of prison staff members. Petitioner's objection on this ground is unmeritorious.

**Fourth Objection**

Petitioner further objects to the Magistrate Judge's conclusion that the findings of the DHO were not arbitrary or capricious. Docket No. 13 ¶ 6. "[F]ederal courts cannot assume the task of retrying all prison disciplinary disputes." *Smith v. Rabalais*, 659 F.2d 539, 545 (5th Cir. 1981).

Instead, with respect to challenges to the sufficiency of the evidence to support a disciplinary conviction, "the standard to be applied is whether or not actions of the disciplinary committee were arbitrary and capricious or an abuse of discretion." Rather than conducting a *de novo* review of a disciplinary board's findings, federal courts "consider whether at least the decision is supported by 'some facts' or 'whether any evidence at all' supports" the decision. *Id.* "Prison disciplinary proceedings are to be overturned only where no evidence in the record supports the decision." *Broussard v. Johnson*, 253 F.3d 874, 877 (5th Cir. 2001). "The 'some evidence' standard is extremely deferential–[courts] have found a single report or testifying witness sufficient to support an adverse disciplinary decision." *Morgan v. Dretke*, 433 F.3d 455, 456 (5th Cir. 2005).

While there was also "some evidence" to support a finding that Petitioner was not guilty, the DHO was responsible for determining the credibility of the evidence, and as the Magistrate Judge explained, there was at least "some evidence" to support that conclusion. Docket No. 11 at 5–6. The Court agrees with the Magistrate Judge's conclusions that the DHO's findings were not arbitrary or capricious, and overrules this objection.

**<u>Fifth Objection</u>**

Petitioner objects to the Magistrate Judge's finding that he did not properly claim that he was denied the procedural protections provided for in *Wolff v. McDonnell*, 418 U.S. 539 (1974). Docket No. 13 ¶ 7. The due process that an inmate must receive in a disciplinary hearing is (1) written notice of the charges against him at least twenty-four hours before the hearing, (2) a written statement of the fact-finders as to the evidence relied on and the reasons for the disciplinary action taken, (3) the opportunity to call witnesses and present documentary evidence in his defense, unless these procedures would create a security risk in the particular case, and (4) some assistance in the collection and presentation of evidence if either the inmate is illiterate or the case appears

complex. *Henson v. U.S. Bureau of Prisons*, 213 F.3d 897, 898 (5th Cir. 2000); *Walker v. Navarro County Jail*, 4 F.3d 410, 412 (5th Cir. 1993); *Wolf v. McDonnell*, 418 U.S. 539, 563-66 (1974).

Nowhere in the record does Petitioner assert that he was denied any of these rights. *See* Docket No. 1. Instead, Petitioner challenges the DHO conviction on an evidentiary basis. Accordingly, the Court overrules Petitioner's objection brought pursuant to *Wolff*.

**Sixth Objection**

Finally, Petitioner objects to the statement regarding the message being sent to three unidentified individuals as it conflicts with the documented functionality of Facebook. Docket No. 13 ¶ 8. He states there were no documents provided to him showing Facebook messages to three different parties about an escape. *Id*. The record contains an email sent by Ivie Hopkins to Tracy Rogers. Docket No. 7-1 at p. 13. In the email, Ms. Hopkins states Baylor Pittinger brought her a screenshot of the Facebook message described above. Mr. Pittinger said a copy of the message was sent to him, as well as to Elizabeth Stanley and Kimberly Pittinger. As a result, there was evidence indicating the Facebook message was sent to three individuals. *Wolff* does not require that a person charged with a disciplinary offense be provided with copies of the evidence against him. Nor does Petitioner cite any authority for the proposition that he was entitled to receive a copy of the email or the screenshot. The failure to provide Petitioner with a copy of the email or screenshot, therefore, does not provide him with a basis for relief, and the Court overrules Petitioner's objection on this point.

## CONCLUSION

Having made a *de novo* review of the written objections filed by Petitioner in response to the Report, the Court concludes that the findings and conclusions of the Magistrate Judge are correct and that Petitioner's objections are without merit.

Accordingly, Petitioner's objections (Docket No. 13) are **OVERRULED** and the findings of facts and conclusions of law contained in the Magistrate Judge's Report (Docket No. 11) are **ADOPTED** in their entirety as the findings and conclusion of the Court.

The Court **ORDERS** that the above-styled civil action is **DISMISSED**.

A final judgment will be entered in accordance with this Order.

**SIGNED this 2nd day of May, 2018.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE